# CIRCUIT COURT OF THE CITY OF LYNCHBURG

Talbott Concrete
and Construction, Inc., et al.

v.

Ford Motor Company

January 18, 2011

Case No. CL10004398-00

By Judge J. Michael Gamble

I am writing to furnish my decision in this case. In this regard, I find in favor of the defendant and dismiss this case.

On March 18, 2009, the plaintiffs purchased a new Ford F-250 truck from Apple Ford, a Ford dealership in Lynchburg. At the time of purchase, it was a new truck. The cost of the truck was in excess of $40,000.00. It was titled in the name of Talbott Concrete and Construction, Inc., and Curtis Martin Talbott. Talbott Concrete is a corporation owned by Curtis Talbott and his wife. The company is actively engaged in the concrete and construction business.

Not long after it was purchased, the truck began to experience problems with loss of power and deceleration. This particularly occurred when the vehicle was towing a boat. On three occasions the vehicle was brought back to the dealer for repair. The dealer was unable to repair the problem. Further, the problem even occurred while a technician with Apple Ford was riding in the vehicle during a test drive.

This case has been brought under the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code § 59.1-207.9 *et seq*. The evidence established that the problems with the vehicle constitute a "nonconformity" under § 59.1-207.11. The evidence further establishes that there is a nonconformity that significantly impairs the vehicle. Under Va. Code § 59.1-207.13(B) (1), when a nonconformity has been subject to repair three or more times, it is presumed that the vehicle is impaired. The evidence is sufficient to establish that the vehicle was not repaired after three attempts. Further, the loss of power and deceleration problems are a serious safety defect under § 59.1-207.13(B)(2).

The issue in this case is whether a consumer as defined by Va. Code § 59.1-207.11 has suffered a loss. Va. Code § 59.1-207.14 clearly makes the act only applicable to consumers. Section 59.1-207.11 defines a consumer to be "the purchaser . . . of a motor vehicle used in substantial part for the personal, family, or household purposes. . . ." The evidence in this case establishes that the vehicle is used for commercial purposes.

The truck was insured through Mid-State Insurance Agency as a commercial vehicle by a "Contractor-Building Commercial Structure." Further, it was taxed as a business (not personal) vehicle by Bedford County, Virginia. Even more convincing, Talbott Concrete and Construction listed the Ford F-250 truck as a vehicle used 100% for business purposes on its 2008 Corporate Tax Return and took the appropriate depreciation deduction for a vehicle used 100% for business purposes.

While there is other evidence that the vehicle may have been used for some personal reasons, such as towing a fishing boat, the evidence is otherwise sufficient to establish that this vehicle was a commercial vehicle and not a vehicle acquired by a consumer as defined by the code.

Accordingly, I find in favor of the defendant, and the case is dismissed.